# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Timothy J. O'Meara,                                      Civil No. 07-1428 (DWF/JJG)

                    Petitioner,

v.                                                       **ORDER ADOPTING REPORT**
                                                         **AND RECOMMENDATION**
Warden Robert Feneis,                                    **AND MEMORANDUM**

                    Defendant.

---

Daniel M. Scott, Esq., Douglas A. Kelley, Esq., Francis X. Hermann, Esq., and Steven E. Wolter, Esq., Kelley & Wolter, P.A., counsel for Petitioner.

Kimberly R. Parker and Peter R. Marker, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendant.

---

This matter is before the Court upon Petitioner Timothy J. O'Meara's ("Petitioner") objections to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated September 29, 2008, recommending that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and that this action be dismissed with prejudice.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

<b>ORDER</b>

1.      Petitioner Timothy J. O'Meara's objections (Doc. No. 15) to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated September 29, 2008, are **DENIED**.

2.      Magistrate Judge Jeanne J. Graham's Report and Recommendation dated September 29, 2008 (Doc. No. 12), is **ADOPTED**.

3.      Petitioner Timothy J. O'Meara's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**;

4.      This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 2, 2009              s/Donovan W. Frank
                                   DONOVAN  W. FRANK
                                   Judge of United States District Court

<b>MEMORANDUM</b>

**I.      Finality of Convictions**

This action turns on the concept of finality.  The Petitioner correctly identifies finality as the essential issue in the case, but mistakes the importance of two separate components of a criminal case, namely conviction and sentencing.  Petitioner asserts that

on June 25, 2004, his conviction had been vacated and he was awaiting resentencing following a court trial on stipulated facts.  The Court disagrees.  Petitioner's sentence had been vacated and the case was remanded for re-sentencing; Petitioner's *conviction* had not been vacated.

Minn. Stat. § 609.02, subd. 5, defines conviction as follows:

**Conviction**.  "Conviction" means any of the following accepted and recorded by the court:

(1)    a plea of guilty; or

(2)    a verdict of guilty by a jury or a finding of guilty by the court.

Petitioner was convicted of two counts of Second Degree Criminal Sexual Conduct pursuant to Minn. Stat. § 609.343, subd. 1(a) (1998).  *O'Meara v. State*, 679 N.W.2d 334 (Minn. 2004).  The statutory maximum for the offense was 25 years.  The State requested that the Petitioner receive an enhanced sentence pursuant to the patterned-sex-offender statute, Minn. Stat. § 609.108, subd. 2, which created an enhanced maximum sentence of 40 years, a sentence beyond the 25 years authorized by Minn. Stat. § 609.343, subd. 1(a)(2).  The State requested and received consecutive 40-year sentences.

The Minnesota Supreme Court overturned Petitioner's sentence in his direct appeal, holding that "Minn. Stat. § 609.108, subd. 2, as applied to *O'Meara* [was] unconstitutional and his sentences must be reduced," citing *State v. Grossman*, 636 N.W.2d 545, 551 (Minn. 2001).  The Minnesota Supreme Court concluded that the trial court did not abuse its discretion in sentencing Petitioner to the maximum sentence

permitted by law which was, pursuant to section 609.343, subd. 2, 25 years on each count. The case was remanded to the district court for the imposition of the statutory maximum sentences. Or, in the words of the Minnesota Supreme Court, the case was: "[r]eversed and remanded for imposition of the statutory maximum sentences of two consecutive 25-year terms under Minn. Stat. §§ 609.108, subd. 1, and 609.343, subd. 2 . . . ." Thus, Petitioner's convictions, pursuant to section 609.343, subd. 1(a)(2), which each carry 25-year maximum sentences, were not vacated. Rather, Petitioner's enhanced sentence as a patterned-sex-offender, which took him beyond the 25-year maximum per count to 40 years for each conviction, was vacated. His convictions were final on August 6, 2000, as noted in the Report and Recommendation. The Report and Recommendation correctly notes that the Minnesota Court of Appeals did not commit habeas error in concluding that Petitioner's conviction was final in August of 2000. The Court agrees that the Minnesota Court of Appeals did not misapply clearly established federal law.

## II.    Retroactivity

It is true that no Minnesota Supreme Court retroactivity case has addressed the resentencing scenario presented to the Court. Necessarily, therefore, the state court's conclusion cannot be contrary to clearly established federal law, as noted by Magistrate Judge Graham. The Minnesota Court of Appeals' application of the *Griffith v. Kentucky*, 479 U.S. 314 (1987), line of cases was not objectively unreasonable. Moreover, the Minnesota Court of Appeals did not commit habeas error in concluding that *Blakely v.*

*Washington*, 542 U.S. 296 (2004), should not be retroactively applied to Petitioner's final judgment and conviction because it followed *Teague v. Lane*, 489 U.S. 288 (1989). While it is true that *Danforth v. Minnesota*, 128 S. Ct. 1029 (2008), recently held that states are not bound to follow *Teague* in state collateral proceedings, it is also true that the rule was not before the Minnesota Court of Appeals when it issued it decision and, therefore, cannot precipitate habeas relief.  Minnesota state courts reasonably applied *Teague* to conclude that *Blakely* was not retroactive.

For these reasons, the Court adopts the Report and Recommendation of Magistrate Judge Jeanne J. Graham and respectfully denies the objections of Petitioner Timothy J. O'Meara.

D.W.F.